I respectfully dissent from the majority opinion in two respects. First, I believe in this instance that kidnaping and rape are not allied offenses of similar import, and second, I believe the court correctly classified Grider as a sexual predator.
In this instance, the evidence reveals Grider accosted a fourteen-year-old girl and forcefully kissed her. At that point, he restrained her of her liberty; that does not constitute the crime of rape. Next, he forced her into her home, carrying her by her arm. She later complained that he hurt her arm. This asportation did not constitute the crime of rape. Then Grider forced her into her brother's bedroom where he unzipped his pants, exposed his genitals, and committed the crime of rape. In this vein, I would consider these to be separate offenses, find him guilty of each, and sentence him on both.
In addition, I believe the court correctly classified Grider as a sexual predator in this case based upon the analysis of the statutory factors which the legislature prescribed for judicial application. The first of those requires the court to examine the offender's age. The record reflects Grider attained thirty-eight years before he chose to engage in this activity. Next, the statute catalogs the offender's prior criminal record. As the majority opinion states, Grider has a previous conviction for the crime of aggravated burglary. Third, the victim's age for which the sentence is to be imposed. In this case, Naysa, the victim, is an eighth-grade student at Gallagher Middle School who is fourteen years of age. The next relevant factor concerns the nature of the offender's sexual conduct, contact, or interaction with the victim and whether it demonstrated a pattern of abuse. In my view, the fact that Grider forced his tongue down Naysa's throat demonstrates not only his orientation, but also the inappropriate nature of this behavior, for a thirty-eight-year-old man to engage in this conduct with a fourteen-year-old female. Given the fact, Naysa has cerebral palsy and a tracheal tube, Grider marked her as easy prey, and sought her out at a time when, according to testimony, he appeared to be intoxicated, and forced himself upon her, earning the distinction and classification awarded him by the trial court, sexual predator.
I would affirm the court's classification in this instance, and accordingly, I dissent from those portions of the majority's opinion.